UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATEM ALI,<br><br>    Plaintiff,<br><br>    v.<br><br>ALSHIFA MEDICAL GROUP, INC., et al.,<br><br>    Defendants. | No.  2:15-cv-1955 MCE CKD PS (TEMP)<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff Hatem Ali is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  A settlement conference was scheduled in this matter for June 16, 2016.  However, that settlement conference was vacated after plaintiff failed to file a timely confidential settlement conference statement.  (Dkt. No. 12.)

    Accordingly, on June 16, 2016, the undersigned issued an order to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution.  (Dkt. No. 13.)  Plaintiff was cautioned that failure to file a written response to that order would result in the undersigned recommending that this matter be dismissed.  (Id. at 2.)  Nonetheless, the time for

/////

/////

plaintiff to respond has expired and plaintiff has not responded to the court's order in any way.[1]

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff failed to file a timely settlement conference statement.  The court issued an order to show cause that provided plaintiff with an opportunity to show good cause for his conduct and plaintiff failed to respond to that order in any way.  The order to show cause specifically warned plaintiff that the failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to

---

[1]  Although it appears from the docket that plaintiff's copy of the order to show cause, as well as the May 16, 2016 orders issued by the assigned District Judge, have been returned as undeliverable, plaintiff was properly served.  It is the plaintiff's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as his failure to comply with the court's orders. See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's July 31, 2015 complaint (Dkt. No. 1-1) be dismissed without prejudice; and

2) This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 25, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BVD\ali1955.dlop.f&rs.docx